UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELAINE J. REYNOSA (THATCH), | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01673-JRS-CSW ) |
| MSD OF DECATUR TOWNSHIP, | ) ) |
| Defendant. | ) ) |

# ORDER

Now before the Court is Plaintiff's *Motion That The Law Suite (sic) to be Granted in My Favor* Dkt. 30. For the reasons stated below, Plaintiff's *Motion*, (Dkt. 30), is **DENIED.**

Plaintiff's *Motion* provides no factual, legal, or procedural basis for relief. Instead, Plaintiff's *Motion* states that she is "requestioning (sic) that this motion be granted in favor for lack of proof by the Defendant." *Id.* Although Plaintiff's *Motion* is not formatted as a Motion for Summary Judgment, this Court finds the summary judgment standards outlined in in Federal Rule of Civil Procedure 56(c) to be instructive, as Plaintiff is requesting that the "case should be settled in my favor." *Id.*

Under Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), (quoting Fed. R. Civ. P. 56). Additionally, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*

Here, Sections 2, 3, 4, 5, 7[1], and 8 of Plaintiff's *Motion* outline several allegations against Defendant, but none of the allegations are supported by any pleadings, depositions, answers, or admissions. As such, the Court cannot properly assess Plaintiff's claims.

Additionally, Section 1 of Plaintiff's *Motion* raises premature discovery concerns. Plaintiff states that she is unable "to access my payroll information and loss of knowledge of raises and any other information I am not able to give an accurate number of lost wages. So I am asking Defendant to provide that information." Dkt. 30. As Defendant indicated in its *Response In Opposition* (Dkt. 34), Plaintiff will be permitted access to the requested information in accordance with the discovery rules. Plaintiff has not made a showing to the Court that Defendants are improperly denying discovery requests or otherwise violating the discovery rules.

Finally, Section 6 of Plaintiff's *Motion* states that "[t]here was no address for service put on the Certificate of Service, also I did not receive the response until several days after the 60-day period as stated by law." Dkt. 30. However, Plaintiff's Amended Complaint was filed on June 30, 2025 (Dkt. 22) and this Court allowed Plaintiff's employment discrimination claims to proceed in an order on July 7, 2025. Dkt. 23. Defendant then responded to Plaintiff's Complaint on September 5, 2025 (Dkt. 29), and a copy of that response was contemporaneously served by U.S. Mail to the Plaintiff at the address on file with the Court – as indicated in the Certificate of Service.[2] *Id.*

//
//

---

[1] Section 7 simply states "I have sent a settlement demand." Defendant notes that it has recently responded to Plaintiff's demand. *See* Dkt. 30. and Dkt. 34
[2] The Certificate of Service on Defendant's Answer lists the same address for Plaintiff that Plaintiff used in her instant *Motion. See* Dkt. 29 and Dkt. 30.

Therefore, Plaintiff's *Motion* (Dkt. 30) is **DENIED** without prejudice.

**SO ORDERED.**

Date: October 16, 2025

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

ELAINE J. REYNOSA (THATCH)
3537 Apple St.
Indianapolis, IN 46203

Michelle Lynn Cooper
LEWIS & KAPPES PC
mcooper@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES PC
mtarkington@lewis-kappes.com